## RUSSIAN v. UNITED STATES.

### No. 2777.

District Court, M. D. Pennsylvania.

Nov. 21, 1935.

Ralph L. Levy and George W. Ellis, both of Scranton, Pa., for plaintiff.

Samuel Gold, of New York City, Atty. for Department of Justice, and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for the United States.

JOHNSON, District Judge.

This is an action brought by Anna Russian, administratrix of John Russian, deceased, against the United States of America to recover on a policy of war risk insurance, dated February 2, 1918, which expired January 1, 1919, in the sum of $10,000, on which the sum of $9,000 is claimed in this suit. This suit is based on the allegation of total permanent disability of the veteran incurred before the expiration of the policy.

The case was tried before the court and a jury, and a verdict was rendered for the plaintiff. The court refused a new trial, and upon appeal the Circuit Court of Appeals reversed the judgment and awarded a venire de novo. The case was again tried before the court and a jury. At the trial the government moved for a directed verdict on the ground that the plaintiff had failed to present any substantial evidence of total permanent disability of the veteran within the meaning and during the life of the contract of insurance. The court refused the motion, and on submitting the case the jury rendered a verdict for the plaintiff. The government now moves for a new trial, assigning a number of reasons therefor.

On appeal from the first trial, the Circuit Court of Appeals for the Third Circuit in its opinion (United States of America v. Anna Russian, 73 F.(2d) 363, 365) set forth the facts and a summary of the evidence which is substantially the same as at the second trial. After carefully reviewing the veteran's postwar industrial history, the Circuit Court of Appeals said:

"From our estimate of the veteran's employment after he left the sanitarium late in 1919, it appears that in the eight years in question he was, for one reason or another, out of work or unable to work for periods aggregating about a year. Assuming his disability to have been permanent when the policy was in force, manifestly it could not, on the facts, have been 'total,' however liberally the word may be construed. Lumbra v. United States, supra [290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492; United States v. Lumbra (C.C.A.) 63 F. (2d) 796].

"We find the evidence of the veteran's industrial activities conclusively negatives the claimed total permanent disability at the earlier time within the rule of the Lumbra Case and cases there cited, and that the verdict of the jury is in truth a finding that the veteran could not do what he in fact did and therefore is in conflict with the evidence and otherwise is not supported by substantial evidence that when the insurance was in force the veteran was totally disabled and that such total disability continued permanently."

In addition to the impressive work record shown at the first trial and passed upon by the Circuit Court, the government at the second trial showed that the veteran was employed as a magazine salesman for two or three months in 1919 and as a fireman on a portable steam boiler from August 19 to December 3, 1919. It was also shown that the veteran had earned an aggregate sum of over $10,000 from his vocational training and private employment.

On all the evidence produced at this second trial, the jury should have been instructed to render a verdict for the defendant. For the reason above stated, that the veteran was not totally and permanently disabled, a new trial must be granted. It is not necessary to discuss the other reasons assigned for a new trial.

And now, November 21, 1935, the motion for a new trial is granted and a new trial is awarded.