**RUSSIAN v. UNITED STATES.**
**No. 6131.**

Circuit Court of Appeals, Third Circuit.

Jan. 25, 1937.

R. L. Levy and George W. Ellis, both of Scranton, Pa., for appellant.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to the Atty. Gen., and Young M. Smith, of Washington, D. C., Atty., Department of Justice, for the United States.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This war risk insurance case was considered by this court in an opinion reported in 73 F.(2d) 363, 365. Therein the facts were marshaled and discussed with the thoroughness and detail characteristic of the judge delivering the same, and it was there held: "The District Court fell into error in refusing the government's motion for a directed verdict." A new trial being allowed in such

896

decision, the case was tried again and resulted in a verdict for the plaintiff, but, in an opinion reported in (D.C.) 12 F. Supp. 660, a new trial was granted and, on the third trial, the court directed a verdict for the defendant. From this the plaintiff appealed.

After due consideration, we are of opinion the trial judge was right in giving binding instructions. The evidence in the case, while differing in amount, did not differ in degree or character from that passed upon by this court when the case was heard before us and, as we view it, was substantially the same as in the first trial.

In the final analysis we may apply to the present case what was said by this court in its former opinion: "With the exception of part of February and March 1926, and all of February 1927 during which time he underwent an operation for appendicitis, this four year period of employment was uninterrupted. From our estimate of the veteran's employment after he left the sanitarium late in 1919, it appears that in the eight years in question he was, for one reason or another, out of work or unable to work for periods aggregating about a year. Assuming his disability to have been permanent when the policy was in force, manifestly it could not, on the facts, have been 'total,' however liberally the word may be construed. Lumbra v. United States, supra [290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492]."

So holding, we limit ourselves to stating that in our view the trial judge was right in holding that on the case now presented it was his duty to give binding instructions for the defendant. Accordingly, the judgment is affirmed.